IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SONY WEATHEREAL                                                           PLAINTIFF

v.                Civil No. 3:21-cv-03088-TLB-MEF

SHERIFF J. ROSS,
Carroll County, Arkansas;
MAJOR JERRY WILLIAMS,
Carroll County Detention Center (CCDC);
CAPTAIN JAMES LOOKINGBILL,
Jail Administrator, CCDC;
LIEUTENANT CALLAS, CCDC; and
MELLISSA HANCOCK, CCDC                                                DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

### I.     DISCUSSION

Plaintiff filed his Complaint to initiate this action on December 28, 2021. (ECF No. 1). On December 21, 2022, Defendants filed a Motion for Summary Judgment. (ECF Nos. 40-42). On December 28, 2022, an Order (ECF No. 43) was entered directing Plaintiff to respond to the summary judgment motion by January 18, 2023. Plaintiff was given explicit instructions regarding what was required for him to file a response in accordance with Rule 56 of the Federal Rules of Civil Procedure. In the Order (ECF No. 43), Plaintiff was also advised that failure to

respond to the Order would result in: (a) all the facts set forth by the Defendants in the summary judgment papers being deemed admitted by the Plaintiff, and/or (b) shall subject the case to dismissal, without prejudice.

On January 11, 2023, Plaintiff filed a Motion for an Extension of Time (ECF No. 45) to respond to the summary judgment motion. Plaintiff sought until March 18, 2023, to respond to the summary judgment motion. Plaintiff was granted until March 3, 2023, to respond to the summary judgment motion. (ECF No. 47).

Plaintiff did not file a response to the Motion for Summary Judgment. On March 8, 2023, a Show Cause Order (ECF No. 48) was entered. Plaintiff was given until March 29, 2023, to show cause why he failed to obey the Orders of the Court. Plaintiff was advised that if he failed to respond to the Show Cause Order, the case shall be subject to dismissal.

On March 15, 2023, Plaintiff filed another Motion for an Extension of Time (ECF No. 49) to respond to the summary judgment motion. He requested his time to respond be extended to May 3, 2023. Plaintiff also filed a Motion for Appointment of Counsel. (ECF No. 50). Plaintiff indicated he was unsure of how to respond to the motion for summary judgment.

On March 16, 2023, Plaintiff's request for an extension was granted. He was given until May 1, 2023, to respond to the summary judgment motion. He was cautioned that he would be given no further extensions of time to respond. The Court noted his response was originally due on January 18, 2023. As Plaintiff had indicated he was unsure of how to respond, the Court repeated the instructions Plaintiff was previously given. Plaintiff's request for appointment of counsel was denied. (ECF No. 52).

Plaintiff did not file his summary judgment response. As a matter of procedural fairness

and to give Plaintiff yet another opportunity to comply with the Court's Orders, a Show Cause Order (ECF No. 53) was entered. Plaintiff was given until May 30, 2023, to respond. Plaintiff was advised that if he failed to respond by the deadline, "this case shall be subject to dismissal."

To date, Plaintiff has not filed a response to Defendants' Motion for Summary Judgment or a response to the Show Cause Order. The Motion for Summary Judgment (ECF Nos. 40-42) was filed on December 21, 2022. Plaintiff has had more than five months to file his summary judgment response. Twice, Plaintiff was given explicit instructions on what he was required to do in responding to a summary judgment motion. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders (ECF Nos. 51 & 53). Plaintiff was advised in each of the above-mentioned Orders that failure to comply would subject the case to dismissal.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. When

considering Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3), the Court's ability to administer justice.  *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted).  In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint.  [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court.  However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.  *Id.*

Here, Defendants expended resources conducting discovery and preparing their Motion for Summary Judgment.  Plaintiff then intentionally chose not to respond to these Motions even after having been given two extensions of time to do so.  Plaintiff was advised in four separate Court Orders that failure to respond would result in dismissal of his case.  Plaintiff has not communicated with the Court in any way after the Court granted him the second extension of time to respond to Defendants' Motion for Summary Judgment.

## II.     CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case be **DISMISSED WITH PREJUDICE** based on Plaintiff's intentional failure to prosecute this case; his failure to obey the orders of the Court; and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of June 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE